945 A.2d 690

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT v.
MICHAEL LISA, DEFENDANT–RESPONDENT.

Argued February 19, 2008—Decided April 22, 2008.

*Mary R. Juliano,* Assistant Prosecutor, argued the cause for appellant (*Luis A. Valentin,* Monmouth County Prosecutor, attorney).

*Edward C. Bertucio, Jr.,* argued the cause for respondent (*Hobbie, Corrigan, Bertucio & Tashjy,* attorneys; *Mr. Bertucio* and *Norman M. Hobbie,* of counsel).

*Paul H. Heinzel,* Deputy Attorney General, argued the cause for *amicus curiae* Attorney General of New Jersey (*Anne Milgram,* Attorney General, attorney).

PER CURIAM.

In June 2005, defendant Michael Lisa was indicted for reckless manslaughter in connection with the death of A.R., a teenage girl who was with him at his home during the evening prior to her death. A medical examiner concluded that the cause of death was multi-organ system failure due to ingestion of ethanol and drugs, including methadone, methamphetamine, amphetamine, and benzodiazepine.[1] The State based its theory of criminal liability against defendant on the application of *N.J.S.A.* 2C:2-1(b)(2). That statute precludes the State from prosecuting a defendant for "an omission unaccompanied by action unless ... [a] duty to perform the omitted act is ... imposed by law." *N.J.S.A.* 2C:2-1(b)(2). In this matter, the State borrowed language from the *Restatement (Second) of Torts* when instructing the grand jury on the nature of the duty "imposed by law" that defendant allegedly failed to perform in the circumstances surrounding A.R.'s death.[2] Specifically, the prosecutor charged that

[a] person has a duty to act where he has voluntarily assumed the care of another and so secluded the helpless person as to prevent others from rendering aid. For example, a duty to act may be triggered where the defendant takes the victim from a place where others might have taken care to prevent injury to her to a private place where the defendant alone is to provide such care. A duty to act may be triggered where the defendant makes statements or engages in conduct that prevents another person from seeking aid to the victim.

... A person has the duty to act when the person is responsible for placing the victim in the position of danger or peril. If the person knows or has reason to know that by his conduct he has caused bodily harm to another [so] as to make her

---

[1] We otherwise rely on the opinion below for a complete recitation of the facts that the State presented to the grand jury in support of the reckless manslaughter charge. *See State v. Lisa,* 391 *N.J.Super.* 556, 559–64, 919 *A.*2d 145 (App.Div.2007).

[2] In formulating its instruction, the State relied on the *Restatement (Second) of Torts* §§ 314, 314(A), 321, 324, 326 (1965).

helpless and endanger or further harm, the person is under a duty to exercise reasonable care to prevent such further harm.

Additionally, if a person doesn't act and subsequently realizes or should realize that [he] has created an unreasonable risk of physical harm to another, he is under a duty to exercise reasonable care to prevent the risk from taking effect.

On defendant's motion, the trial court dismissed the reckless manslaughter charge and, on appeal, a split panel of the Appellate Division affirmed. *State v. Lisa,* 391 *N.J.Super.* 556, 581, 919 *A.*2d 145 (2007). We now affirm the dismissal of that charge as presented to the grand jury.

The Appellate Division majority correctly concluded that the Restatement of Torts did not provide sufficient notice of a duty to which a theory of criminal omission liability may attach. *Id.* at 579, 919 *A.*2d 145. As Judge Weissbard noted, sufficient notice of potential criminal liability cannot

be found in emanations from a scholarly treatise that has never made its way into New Jersey substantive criminal law, and perhaps not into our civil law either. We fail to see how these civil common law principles could provide adequate notice to justify a criminal charge.... In this case, the duty charged to the grand jury was based on amorphous concepts of the Restatement, as reflected in some civil cases, and thereby failed the fundamental test of due process notice.

[*Ibid.*]

We agree that the State's jury instruction, incorporating duty principles from the Restatement of Torts, suffered from a fatal flaw that could have been the substantial motivation for the grand jury's return of the reckless manslaughter charge. *See id.* at 580–81, 919 *A.*2d 145. Dismissal of the reckless manslaughter charge was the only correct course of action under the circumstances.[3] The appellate panel appropriately observed that it was "no answer

---

[3] Although not raised by the parties, based on the record before us, we question whether this matter was ever correctly characterized as a case of pure "omission" liability, to the extent *N.J.S.A.* 2C:2–1 permits liability to be advanced under the Code on such a basis. *N.J.S.A.* 2C:2–1(b) premises its discussion of when, and under what circumstances, an omission may support a criminal charge on the assumption that the facts in issue involve "an omission *unaccompanied by action.*" (Emphasis added). Here, the State's case involved allegations of acts by defendant, as well as his failure to act in respect of a person arguably placed in peril through his conduct.

to say that the evidence before the grand jury was sufficient to support an indictment on some other theory." *Id.* at 581, 919 *A*.2d 145.

That said, there is no reason why this case cannot be represented to the grand jury on a charge of reckless manslaughter based on the totality of defendant's conduct. If the State seeks such a charge, the grand jury should be instructed on the standard for recklessness, which will require consideration of whether defendant acted with a conscious disregard of a substantial and unjustifiable risk. *See N.J.S.A.* 2C:2–2(b)(3) (defining "recklessly"). With that proper instruction, it will then be left to the grand jury to decide whether defendant should stand charged with reckless manslaughter for A.R.'s tragic death.

The judgment of the Appellate Division is affirmed.

Justice RIVERA–SOTO, dissenting.

I would reverse the judgment of the Appellate Division and reinstate count five of the indictment against defendant Michael Lisa—charging him with the second-degree reckless manslaughter of a seventeen-year-old girl—substantially for the reasons Judge Lihotz persuasively set forth in her dissent. *State v. Lisa*, 391 *N.J.Super.* 556, 581–88, 919 *A*.2d 145 (App.Div.2007) (Lihotz, J., dissenting). I therefore respectfully dissent.

*For affirmance*—Chief Justice RABNER, and Justices LONG, LaVECCHIA, ALBIN, WALLACE and HOENS—6.

*For reversal*—Justice RIVERA–SOTO—1.